```
                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF LOUISIANA
                         ALEXANDRIA DIVISION

FLETCHER                              CIVIL ACTION 10-1791

VERSUS                                U.S. DISTRICT JUDGE DEE DRELL

SCOTCHMAN INDUSTRIES, INC.
                                      U.S. MAGISTRATE JUDGE JAMES D. KIRK
```

### REPORT AND RECOMMENDATION

Before the court is plaintiff's motion to remand, **Doc. 6,** referred to me by the district judge for report and recommendation.

Plaintiff, an inmate at the federal correctional facility at Pollock, Louisiana sues for injuries he received when, he alleges, a part broke off of a machine and hit plaintiff in the right groin at a high rate of speed, "causing tremendous pain and discomfort". Plaintiff seeks damages "for his pain and suffering and medical expenses." Suit was filed in state court in Grant Parish and timely removed by the defendant to this court based on diversity jurisdiction. Defendant stated, in its Notice of Removal, that the amount in controversy exceeds the jurisdictional limits of this court, $75,000. In support, defendant suggests in its notice that, because plaintiff does not state a value of his claim, and does not stipulate that his claim is limited to "under" $75,000, the legal certainty requirement

1

cannot be met. Defendant also suggests that "any continuing treatment could certainly reach and exceed a value of $75,000, exclusive of interest and costs."

Plaintiff moves to remand asserting that defendants have failed in their burden to prove that the amount in dispute exceeds $75,000, the jurisdictional amount in this court.

Analysis.

It is well settled that the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists.  However, the Fifth Circuit has applied different standards of proof, depending upon whether the complaint prays for a specific amount of damages.  <u>Allen v R & H Oil and Gas Co.</u>, 63 F.3d 1326 (5th Cir. 1995).  Where the complaint alleges entitlement to damages which exceed the jurisdictional limits of the court, now $75,000, the court may refuse jurisdiction only if it appears to a legal certainty that the claim is really for less than the jurisdictional amount.  <u>St. Paul Mercury Indemnity Co. v. Red Cab. Co.</u>, 58 S. Ct. 586 (1938). Where a specific amount of damages is not set forth, the legal certainty test is not applicable.  Instead, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.  <u>De Aguilar v. Boeing Co.</u>, 11 F.3d 55 (5th Cir. 1993) (DeAguilar I).

In Louisiana, plaintiffs are prohibited by state law from

2

specifying the amount of damages sought, except in certain circumstances. La. Code Civ. P., Art. 893.  Therefore, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. <u>De Aguilar I</u>, supra.  The defendant may make this showing in either of two ways: (1) by demonstrating that it is facially apparent from the complaint that the claims are likely above $75,000, or (2) by setting forth the facts in controversy--preferably in the removal petition, but sometimes by affidavit--that support a finding of the requisite amount.  <u>Allen</u>, 63 F.3d  at 1335.  See <u>Luckett v. Delta Airlines, Inc.</u> 171 F.3d 295 (5th Cir. 1999). Plaintiff may, however,  cite to a state statute, for example, that prohibits recovery of more than the amount sought.  <u>De Aguilar v. Boeing Co.</u>, 47 F.3d 1404 (5th Cir. 1995) (<u>De Aguilar</u> II). Otherwise, a litigant who wants to prevent removal must file a binding stipulation or affidavit <u>with her petition</u>. Id.

Removal may not be based upon conclusory allegations and the jurisdictional facts that support removal must be judged at the time of removal.

Once jurisdiction is established, subsequent events that reduce the amount in controversy to less than $75,000 generally do not divest the court of diversity jurisdiction. <u>St. Paul Mercury</u>, supra.  While post removal affidavits may be considered in determining the amount in controversy at the time of removal,

such affidavits or stipulations and amendments may be considered only if the basis for jurisdiction is ambiguous, that is, not facially apparent, at the time of removal.  <u>Gebbia v. Wal-Mart Stores, Inc.</u>, 233 F.3d 880 (5th Cir. 2000); <u>Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Columbia S. A.</u>, 988 F.2d 559, 565 (5th Cir. 1993), cert. den., 114 S. Ct. 685 (1994); <u>St. Paul Mercury</u>, supra.  See also,  (<u>De Aguilar</u> II). Any post petition affidavits or stipulations are allowable only if relevant to the time of removal.  <u>Allen</u>, 63 F.3d  at 1335.

Plaintiff's petition, in accordance with the requirements of state law, does not allege entitlement to a specific amount of damages. Neither is it facially apparent that the damages exceed the jurisdictional limit.  Rather, the claims made in this case are similar to those made with little specificity in <u>Simon v. Wal-Mart Stores, Inc.</u>, 193 F.3d 848 (5th Cir. 1999).  Compare <u>Luckett</u> supra, and <u>Gebbia</u>, supra.  Therefore, defendant must show by a preponderance of other evidence that the amount in dispute is more than $75,000.

In order to prove jurisdiction, defendant makes two arguments: that plaintiff did not state a value of his claim in his petition and therefore the legal certainty test is not met, and that plaintiff did not stipulate that his claim is less than $75,000 and therefore does not meet the legal certainty test.

As discussed above, the legal certainty test is not applicable where the plaintiff does not state an amount in his complaint. Further, while plaintiff could have filed a stipulation to limit the amount of his damages, he was not required to do so; his failure to do so does not satisfy defendant's burden to prove that damages exceed the jurisdictional limits of this court.

It was defendant's burden to prove that the damages exceed $75,000 and it has not attempted to do so. The amount in controversy is not apparent from the petition and defendant has not set forth facts in the removal petition or by affidavit which shows the court that the claims equal or exceed $75,000.[1] Because defendant has not met its burden of showing that the jurisdictional threshold is met, remand is appropriate.

For these reasons, IT IS RECOMMENDED that the motion to remand, doc. #6, be GRANTED and this case be remanded to the 35th Judicial District Court, Parish of Grant, State of Louisiana for further proceedings.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days

---

[1] Perhaps the reason defendant has not filed a brief in opposition to the motion to remand or other communication with the court in an effort to assist it in the resolution of this motion is defendant's recognition of the impropriety of its removal.

from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing.  Timely objections will be considered by the district judge before he makes his final ruling.  **FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 1st day of February, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE